William S. Cherry III, appearance *pro hac vice*
N.C. State Bar # 33860
MANNING, FULTON & SKINNER, P.A.
3605 Glenwood Avenue, Suite 500 (27612)
Post Office Box 20389
Raleigh, North Carolina 27619-0389
Telephone: (919) 787-8880
Facsimile: (919) 325-4600
E-Mail: cherry@manningfulton.com

Ellen Boyd
CA State Bar # 339542
KAUFMAN DOLOWICH
11111 Santa Monica Blvd., Suite 850
Los Angeles, California 90025
Telephone: 310 775 6529
Email: ellen.boyd@kaufmandolowich.com

*Attorneys for Defendants Spiffy Franchising, LLC, Get Spiffy, Inc., Scot Wingo, Karl Murphy, and Connor Finnegan*

UNITED STATES DISTRICT COURT

NORTHEN DISTRICT OF CALIFORNIA – SAN JOSE DIVISON

| | |
|---|---|
| A4H, LLC, a California Limited Liability Company; ALINA SIERT, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>SPIFFY FRANCHISING, LLC, a Delaware Limited Liability Company; GET SPIFFY, INC., a Delaware corporation, SCOT WINGO, an individual; KARL MURPHY, an individual; CONNOR FINNEGAN, an individual; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 24-cv-01771-EJD<br><br>[Assigned to Hon. Edward J. Davila]<br><br>**DEFENDANTS SPIFFY FRANCHISING, LLC, GET SPIFFY, INC., SCOT WINGO, KARL MURPHY, AND CONNOR FINNEGAN'S ANSWER TO COMPLAINT** |

1

Defendants Spiffy Franchising, LLC, Get Spiffy, Inc., Scot Wingo, Karl Murphy, and Connor Finnegan's Answer to Complaint - Case No. 24-cv-01771-EJD

Defendants Spiffy Franchising, LLC, Get Spiffy, Inc., Scot Wingo, Karl Murphy, and Connor Finnegan ("Defendants"), by and through undersigned counsel, submit this Answer to Plaintiffs A4H, LLC's ("A4H") and Alina Siert's ("Ms. Siert") (collectively "Plaintiffs") Complaint as follows:

## THE PARTIES

1. Defendants lack sufficient knowledge or information about the current status of A4H as a corporate entity and therefore the allegations in Paragraph 1 are denied.

2. Defendants admit the allegations of Paragraph 2, upon information and belief.

3. Defendants admit the allegations of Paragraph 3.

4. Defendants admit the allegations of Paragraph 4.

5. Defendants admit that Defendant Scot Wingo ("Mr. Wingo") is a citizen and resident of North Carolina, is the CEO and Co-Founder of Defendant Get Spiffy, Inc. ("Get Spiffy"), is the Secretary and a Chairman of the Board for Defendant Get Spiffy and at relevant times served as the CEO of Spiffy Franchising. Defendants deny all remaining allegations of Paragraph 5, as stated.

6. Defendants admit that Defendant Karl Murphy ("Mr. Murphy) is a citizen and resident of North Carolina, is the President and Co-Founder of Get Spiffy and at relevant times was the President of Spiffy Franchising, LLC ("Spiffy Franchising"). Defendants deny all remaining allegations of Paragraph 6, as stated.

7. Defendants admit that Defendant Connor Finnegan ("Mr. Finnegan") is a citizen and resident of North Carolina and at relevant times was the Vice President of Strategy and Head of Spiffy Dealer Solutions at Get Spiffy and the Vice President of Strategy for Spiffy Franchising. Defendants deny all remaining allegations of Paragraph 7, as stated.

8. Defendants lack sufficient knowledge or information regarding the allegations in Paragraph 8 and the same are therefore denied.

2

Defendants Spiffy Franchising, LLC, Get Spiffy, Inc., Scot Wingo, Karl Murphy, and Connor Finnegan's Answer to Complaint - Case No. 24-cv-01771-EJD

9.  Defendants admit only that at relevant times Mr. Wingo, Mr. Murphy and Mr. Finnegan have been agents, officers and/or employees of Spiffy Franchising and Get Spiffy and have held the titles with respect to those entities as admitted herein. Defendants deny the allegations of Paragraph 9 except as expressly admitted.

**RESPONSE TO NATURE OF THE ACTION**

10. Defendants admit that: (i) Get Spiffy provides mobile, on demand, and environmentally friendly car care services, including wash, detail, oil change, tire installation and repair and fueling (herein "Spiffy Business"), (ii) Get Spiffy owns and operates all corporate markets operating the Spiffy Business, (iii) Get Spiffy owns all intellectual property relating to the business, (iv) Spiffy Franchising is a wholly owned subsidiary of Get Spiffy, (v) Spiffy Franchising is the "Franchisor" pursuant to a written franchise agreement with A4H, and (vi) Spiffy Franchising franchises other Spiffy Businesses in addition to A4H which franchising began in 2020. Defendants deny the allegations of Paragraph 10 except as expressly admitted.

11. Defendants admit, upon information and belief, that Alina and Matthew Siert ("the Sierts") were experienced businesspeople who had at least operated a restaurant business and Ms. Siert was an operations manager at eBay prior to signing a franchise agreement with Spiffy Franchising. Defendants also admit that Mr. Murphy met with the Sierts and their business partners Eric and Lucille Sablan ("the Sablans") to discuss the Spiffy Franchising business model and the group toured Get Spiffy's operations in San Francisco. Defendants deny the allegations of Paragraph 11 except as expressly admitted.

12. Defendants admit that after extensive discussions and negotiations during which A4H and Spiffy Franchising were represented by their own legal counsel, A4H entered into a written franchise agreement with Spiffy Franchising dated December 19, 2020 ("Franchise Agreement"). Defendants deny the allegations of Paragraph 12 except as expressly admitted.

13. Defendants deny the allegations of Paragraph 13.

3

Defendants Spiffy Franchising, LLC, Get Spiffy, Inc., Scot Wingo, Karl Murphy, and Connor Finnegan's Answer to Complaint - Case No. 24-cv-01771-EJD

14. Defendants admit, upon information and belief, that the Sierts closed their restaurant business and Ms. Siert left her job at eBay. Defendants deny the allegations of Paragraph 14 except as expressly admitted.

15. Defendants deny the allegations of Paragraph 15.

16. Defendants admit that prior experience in mobile vehicle car care and service is not required to be a successful Spiffy franchisee because Spiffy Franchising provides extensive training at the commencement of every franchise relationship. Defendants deny the allegations of Paragraph 16 except as expressly admitted.

17. Defendants deny the allegations of Paragraph 17.

18. Defendants deny the allegations of Paragraph 18.

### RESPONSE TO JURISDICTION AND VENUE

19. Defendants contend the claims asserted by Plaintiffs are required to be submitted to binding arbitration pursuant to Section 21(b) of the Franchise Agreement. For this reason, Defendants admit only that this Court has subject matter jurisdiction pursuant to the Federal Arbitration Act to take action to compel arbitration of the Plaintiffs' claims alleged herein and to stay this litigation. Defendants have filed with the Court a motion to compel arbitration and stay this proceeding. Defendants deny the allegations of Paragraph 19 except as expressly admitted.

20. Defendants contend the claims asserted by Plaintiffs are required to be submitted to binding arbitration pursuant to Section 21(b) of the Franchise Agreement. For this reason, Defendants admit only that this Court has subject matter jurisdiction pursuant to the Federal Arbitration Act to take action to compel arbitration of the Plaintiffs' claims alleged herein and to stay this litigation. Defendants have filed with the Court a motion to compel arbitration and stay this proceeding. Defendants deny the allegations of Paragraph 20 except as expressly admitted.

21. Defendants contend the claims asserted by Plaintiffs are required to be submitted to binding arbitration pursuant to Section 21(b) of the Franchise Agreement. For this reason, Defendants admit only that this Court has subject matter jurisdiction pursuant

4

Defendants Spiffy Franchising, LLC, Get Spiffy, Inc., Scot Wingo, Karl Murphy, and Connor Finnegan's Answer to Complaint - Case No. 24-cv-01771-EJD

to the Federal Arbitration Act to take action to compel arbitration of the Plaintiffs' claims alleged herein and to stay this litigation. Defendants have filed with the Court a motion to compel arbitration and stay this proceeding. Defendants deny the allegations of Paragraph 21 except as expressly admitted.

22. Defendants deny the allegations of Paragraph 22. Plaintiffs' claims are subject to a mandatory arbitration provision in the Franchise Agreement and venue is proper only in binding arbitration to take place in Durham, North Carolina.

23. Defendants admit only that Get Spiffy and Spiffy Franchising are subject to the personal jurisdiction of this Court for the purpose of the Court ruling pursuant to the Federal Arbitration Act on a motion to compel arbitration of the claims alleged in this matter. Defendants deny the allegations of Paragraph 23 except as expressly admitted.

24. Defendants admit only that Mr. Wingo is subject to the personal jurisdiction of this Court for the purpose of the Court ruling pursuant to the Federal Arbitration Act on a motion to compel arbitration of the claims alleged in this matter. Defendants deny the allegations of Paragraph 24 except as expressly admitted.

25. Defendants admit only that Mr. Murphy is subject to the personal jurisdiction of this Court for the purpose of the Court ruling pursuant to the Federal Arbitration Act on a motion to compel arbitration of the claims alleged in this matter. Defendants deny the allegations of Paragraph 25 except as expressly admitted.

26. Defendants admit only that Mr. Finnegan is subject to the personal jurisdiction of this Court for the purpose of the Court ruling pursuant to the Federal Arbitration Act on a motion to compel arbitration of the claims alleged in this matter. Defendants deny the allegations of Paragraph 26 except as expressly admitted.

## RESPONSE TO FACTUAL ALLEGATIONS

**A.**  **Spiffy Utilized Fraudulent Business Practices to Entice A4H to Become a Spiffy Franchisee**

27. Defendants lack sufficient knowledge or information regarding the allegations in Paragraph 27 and the same are therefore denied.

28. Defendants admit that one of their demographic targets are busy individuals or families who would like the convenience of mobile car care services. Defendants deny the allegations of Paragraph 28 except as expressly admitted.

29. Defendants admit, upon information and belief, that Ms. Siert was introduced to Spiffy Franchising by Garrison Ramoso and that Ms. Siert and Mr. Ramoso worked together previously. Defendants deny the allegations of Paragraph 29 except as expressly admitted.

30. Defendants admit Mr. Murphy met with the Sierts and the Sablans and toured Get Spiffy's San Francisco location. Defendants deny the allegations of Paragraph 30 except as expressly admitted.

31. Defendants lack sufficient knowledge or information regarding the allegations in Paragraph 31 and the same are therefore denied.

32. Defendants admit the Sierts and the Sablans shared the information stated in Paragraph 32 with Mr. Murphy. Defendants deny the allegations of Paragraph 32 except as expressly admitted.

33. Defendants admit that: (i) they are credible, (ii) they have a commitment to the environment, (iii) a goal of the business is to provide convenient, remote car care services to busy individuals and (iv) all of this would have been part of Mr. Murphy's standard sales pitch. Defendants deny the allegations of Paragraph 33 except as expressly admitted.

34. Defendants admit that it is their aspirational goal to be the "Amazon of car care" and Mr. Murphy may have shared this goal with the Sierts and the Sablans. Defendants deny the allegations of Paragraph 34 except as expressly admitted.

35. Defendants admit Mr. Murphy met with the Sierts and the Sablans and toured Get Spiffy's San Francisco location. Defendants deny the allegations of Paragraph 35 except as expressly admitted.

36. Defendants admit Mr. Murphy shared with the Sierts and the Sablans that Enterprise, Waymo and U-Haul were clients (and still are today), among others, of Get

Spiffy's San Francisco CBU location. Defendants deny the allegations of Paragraph 36 except as expressly admitted.

37. Defendants deny the allegations of Paragraph 37.

38. Defendants admit that: (i) Spiffy Franchising had extensive negotiations with Plaintiffs with respect to the Franchise Agreement during which time all parties were represented by their own legal counsel, (ii) Spiffy Franchising timely presented Plaintiffs with a Franchise Disclosure Document ("FDD"), (iii) Spiffy Franchising presented Plaintiffs with a separate Memorandum of Understanding in December 2020, not included in the FDD, which document is in writing and is the best evidence of its contents and (iv) Plaintiffs were permitted to and did in fact service certain national accounts, including Enterprise Rent-A-Car. Defendants deny the allegations of Paragraph 38 except as expressly admitted.

39. Defendants admit only that after extensive negotiations with Plaintiffs with respect to the Franchise Agreement during which time all parties were represented by their own legal counsel, Plaintiffs signed the Franchise Agreement on or about December 19, 2020. Defendants deny the allegations of Paragraph 39 except as expressly admitted.

40. Defendants admit that Mr. Finnegan had communications with Plaintiffs during the discussions about and extensive negotiations relating to the Franchise Agreement. Defendants deny the allegations of Paragraph 40 except as expressly admitted.

41. Defendants admit that Mr. Finnegan engaged in a text message exchange with Ms. Siert on January 19, 2021 which text messages are in writing and are the best evidence of their contents. Defendants deny the allegations of Paragraph 41 except as expressly admitted and specifically deny the allegations to the extent they are inconsistent with the actual content of the text messages.

42. Defendants deny the allegations of Paragraph 42, upon information and belief.

43. Defendants deny the allegations of Paragraph 43.

**B. Spiffy's Continued Its Fraudulent and Misleading Business Practices**

    **i. Spiffy Vans**

44. Defendants deny the allegations of Paragraph 44.

45. Defendants deny the allegations of Paragraph 45.

46. Defendants deny the allegations of Paragraph 46.

47. Defendants admit A4H leased their service vans from Mike Albert Leasing and amortized the upfit cost of the vans over the lease term. Defendants deny the allegations of Paragraph 47 except as expressly admitted.

48. Defendants deny the allegations of Paragraph 48.

49. Defendants deny the allegations of Paragraph 49.

    **ii. Spiffy Fleet Accounts**

        **a. Enterprise Rent-a-Car**

50. Defendants admit that the Franchise Agreement sets forth certain requirements of A4H with respect to service of National Accounts. Those requirements are in writing and are the best evidence of their contents. Defendants deny the allegations of Paragraph 50 except as expressly admitted.

51. Defendants deny the allegations of Paragraph 51.

52. Defendants deny the allegations of Paragraph 52.

53. Defendants deny the allegations of Paragraph 53.

54. Defendants deny the allegations of Paragraph 54.

55. Defendants deny the allegations of Paragraph 55.

56. Defendants deny the allegations of Paragraph 56.

57. Defendants admit only that: (i) an oil vendor made a mistake and sent oil bills to Defendants' corporate office and Get Spiffy or Spiffy Franchising mistakenly paid those bills when they should have been delivered to and paid by A4H, (ii) A4H went months without noticing they were not receiving oil bills and (iii) when the mistake was realized, Defendants permitted A4H to repay over time. Defendants deny the allegations of Paragraph 57 except as expressly admitted.

**b. U-Haul**

58. Defendants admit U-Haul was a national account serviced by franchisees and among other services franchisees provided a wash package. Defendants deny the allegations of Paragraph 58 except as expressly admitted.

59. Defendants deny the allegations of Paragraph 59.

60. Defendants deny the allegations of Paragraph 60.

61. Defendants deny the allegations of Paragraph 61.

**c. Amazon**

62. Defendants admit the allegations of Paragraph 62, upon information and belief.

63. Defendants deny the allegations of Paragraph 63.

64. Defendants deny the allegations of Paragraph 64.

65. Defendants admit service of Amazon vehicles required specific training. Defendants deny the allegations of Paragraph 65 except as expressly admitted.

66. Defendants admit there existed an "Amazon Playbook" to assist with training. Defendants deny the allegations of Paragraph 66 except as expressly admitted.

67. Defendants deny the allegations of Paragraph 67.

68. Defendants deny the allegations of Paragraph 68.

69. Defendants deny the allegations of Paragraph 69.

**iii. Spiffy's Accounting Practices**

70. Defendants admit the allegations of Paragraph 70 which process and procedure is set forth in writing in the Franchise Agreement.

71. Defendants deny the allegations of Paragraph 71.

72. Defendants deny the allegations of Paragraph 72.

73. Defendants deny the allegations of Paragraph 73.

**iv. Spiffy's Sales & Marketing Tactics**

74. Defendants deny the allegations of Paragraph 74.

75. Defendants deny the allegations of Paragraph 75.

76. Defendants deny the allegations of Paragraph 76.

77. Defendants deny the allegations of Paragraph 77.

78. Defendants deny the allegations of Paragraph 78.

79. Defendants deny the allegations of Paragraph 79.

**C.  Spiffy's Practices Forced A4H to Cease Operations**

80. Defendants admit that in or about July 2022, Plaintiffs contacted Spiffy Franchising about exploring a sale of their business. Defendants deny the allegations of Paragraph 80 except as expressly admitted.

81. Defendants deny the allegations of Paragraph 81, upon information and belief.

82. Defendants admit that Mr. Finnegan advised Ms. Siert that a franchise group in Richmond, CA might have interest in talking about a purchase. Defendants deny the allegations of Paragraph 82 except as expressly admitted.

83. Defendants lack sufficient knowledge or information regarding the allegations in Paragraph 83 and the same are therefore denied.

84. Defendants deny the allegations of Paragraph 84.

85. Defendants deny the allegations of Paragraph 85.

86. Defendants deny the allegations of Paragraph 86.

87. Defendants admit that A4H ceased operation in early June 2023. Defendants deny the allegations of Paragraph 87 except as expressly admitted.

**D.  Spiffy's Fraudulent Misrepresentations**

88. Defendants deny the allegations of Paragraph 88.

89. Defendants deny the allegations of Paragraph 89 and deny all allegations of fraudulent misrepresentations in Subparagraphs (a) through (g).

90. Defendants deny the allegations of Paragraph 90.

91. Defendants deny the allegations of Paragraph 91.

92. Defendants deny the allegations of Paragraph 92.

93. Defendants deny the allegations of Paragraph 93.

94. Defendants deny the allegations of Paragraph 94.

95. Defendants deny the allegations of Paragraph 95.

96. Defendants deny the allegations of Paragraph 96.

97. Plaintiffs' allegations in Paragraph 97 state legal conclusions to which no response is required. To the extent a response is required, Defendants deny they have violated the California Franchise Investment Law in any way.

98. Plaintiffs' allegations in Paragraph 98 state legal conclusions to which no response is required. To the extent a response is required, Defendants deny they have violated the Federal law in any way or the FTC Act in any way.

99. Defendants deny the allegations of Paragraph 99.

100. Plaintiffs' allegations in Paragraph 100 state legal conclusions to which no response is required. To the extent a response is required, Defendants deny they have violated the FTC Franchise Rule in any way.

101. Defendants deny the allegations of Paragraph 101.

102. Defendants deny the allegations of Paragraph 102.

103. Defendants deny the allegations of Paragraph 103.

104. Defendants deny the allegations of Paragraph 104.

105. Defendants deny the allegations of Paragraph 105.

106. Defendants deny the allegations of Paragraph 106.

107. Defendants deny the allegations of Paragraph 107.

**RESPONSE TO FIRST CLAIM FOR RELIEF**

**Alleged Fraudulent Inducement**

**(Against All Defendants)**

108. Defendants incorporate herein by reference their responses to Paragraphs 1 through 107 of the Complaint in response to the allegations of Paragraph 108.

109. Defendants deny the allegations of Paragraph 109.

110. Defendants deny the allegations of Paragraph 110.

111. Defendants deny the allegations of Paragraph 111.

112. Defendants deny the allegations of Paragraph 112.
113. Defendants deny the allegations of Paragraph 113.
114. Defendants deny the allegations of Paragraph 114.
115. Defendants deny the allegations of Paragraph 115.
116. Defendants deny the allegations of Paragraph 116.
117. Defendants deny the allegations of Paragraph 117.
118. Defendants deny the allegations of Paragraph 118.

**RESPONSE TO SECOND CLAIM FOR RELIEF**

**Alleged Negligent Misrepresentation**

**(Against all Defendants)**

119. Defendants incorporate herein by reference their responses to Paragraphs 1 through 118 of the Complaint in response to the allegations of Paragraph 119.
120. Defendants deny the allegations of Paragraph 120.
121. Defendants deny the allegations of Paragraph 121.
122. Defendants deny the allegations of Paragraph 122.
123. Defendants deny the allegations of Paragraph 123.
124. Defendants deny the allegations of Paragraph 124.
125. Defendants deny the allegations of Paragraph 125.
126. Defendants deny the allegations of Paragraph 126.
127. Defendants deny the allegations of Paragraph 127.

**REPSONSE TO THIRD CLAIM FOR RELIEF**

**Alleged Fraudulent Concealment**

**(Against All Defendants)**

128. Defendants incorporate herein by reference their responses to Paragraphs 1 through 127 of the Complaint in response to the allegations of Paragraph 128.
129. Defendants deny the allegations of Paragraph 129.
130. Defendants deny the allegations of Paragraph 130.
131. Defendants deny the allegations of Paragraph 131.

Defendants Spiffy Franchising, LLC, Get Spiffy, Inc., Scot Wingo, Karl Murphy, and Connor Finnegan's Answer to Complaint - Case No. 24-cv-01771-EJD

| | |
|---|---|
| 1 | 132. Defendants deny the allegations of Paragraph 132. |
| 2 | 133. Defendants deny the allegations of Paragraph 133. |
| 3 | 134. Defendants deny the allegations of Paragraph 134. |
| 4 | 135. Defendants deny the allegations of Paragraph 135. |
| 5 | 136. Defendants deny the allegations of Paragraph 136. |
| 6 | 137. Defendants deny the allegations of Paragraph 137. |
| 7 | 138. Defendants deny the allegations of Paragraph 138. |
| 8 | 139. Defendants deny the allegations of Paragraph 139. |
| 9 | 140. Defendants deny the allegations of Paragraph 140. |

**RESPONSE TO FOURTH CLAIM FOR RELIEF**

**Alleged Violation of CFIL – California Corporations Cod §§ 31000 et seq.**

**(Against All Defendants)**

141. Defendants incorporate herein by reference their responses to Paragraphs 1 through 140 of the Complaint in response to the allegations of Paragraph 141.

142. Plaintiffs' allegations in Paragraph 142 state legal conclusions to which no response is required. To the extent a response is required, Defendants deny they have violated the California Franchise Investment Law in any way.

143. Defendants deny the allegations of Paragraph 143.

144. Defendants deny the allegations of Paragraph 144.

145. Defendants deny the allegations of Paragraph 145.

146. Defendants deny the allegations of Paragraph 146.

147. Defendants deny the allegations of Paragraph 147.

**RESPONSE TO FIFTH CLAIM FOR RELIEF**

**Alleged Violation of California Business and Professions Code Section 17200 et seq.**

**(Against All Defendants)**

148. Defendants incorporate herein by reference their responses to Paragraphs 1 through 147 of the Complaint in response to the allegations of Paragraph 148.

149. Defendants deny the allegations of Paragraph 149.

150. Defendants deny the allegations of Paragraph 150.

151. Defendants deny the allegations of Paragraph 151.

152. Defendants deny the allegations of Paragraph 152.

153. Defendants deny the allegations of Paragraph 153.

154. Defendants deny the allegations of Paragraph 154.

155. Defendants deny the allegations of Paragraph 155.

## RESPONSE TO SIXTH CLAIM FOR RELIEF

**Alleged Violation of California Business and Professions Code Section 16600 et seq.**

**(Against Spiffy Franchising and Get Spiffy)**

156. Defendants incorporate herein by reference their responses to Paragraphs 1 through 155 of the Complaint in response to the allegations of Paragraph 156.

157. Plaintiffs' allegations in Paragraph 157 state legal conclusions to which no response is required. To the extent a response is required, Spiffy Franchising and Get Spiffy deny they have violated the California Business Professions Code in any way.

158. Spiffy Franchising and Get Spiffy deny the allegations of Paragraph 158.

159. Plaintiffs' allegations in Paragraph 159 state legal conclusions to which no response is required. To the extent a response is required, Spiffy Franchising and Get Spiffy deny they have violated California law in any way.

160. Spiffy Franchising and Get Spiffy deny the allegations of Paragraph 160.

161. Spiffy Franchising and Get Spiffy deny the allegations of Paragraph 161.

## RESPONSE TO SEVENTH CLAIM FOR RELIEF

**Alleged Breach of Contract**

**(Against Spiffy Franchising and Get Spiffy)**

162. Defendants incorporate herein by reference their responses to Paragraphs 1 through 161 of the Complaint in response to the allegations of Paragraph 162.

163. Spiffy Franchising and Get Spiffy admit the Franchise Agreement is in writing and is the best evidence of any obligations on Spiffy Franchising. Spiffy

14

Defendants Spiffy Franchising, LLC, Get Spiffy, Inc., Scot Wingo, Karl Murphy, and Connor Finnegan's Answer to Complaint - Case No. 24-cv-01771-EJD

Franchising and Get Spiffy deny the allegations of Paragraph 163 except as expressly admitted.

164. Spiffy Franchising and Get Spiffy deny the allegations of Paragraph 164.

165. Spiffy Franchising and Get Spiffy deny the allegations of Paragraph 165.

166. Spiffy Franchising and Get Spiffy deny the allegations of Paragraph 166.

167. Spiffy Franchising and Get Spiffy deny the allegations of Paragraph 167.

168. Spiffy Franchising and Get Spiffy deny the allegations of Paragraph 168.

169. Spiffy Franchising and Get Spiffy deny the allegations of Paragraph 169.

### RESPONSE TO EIGHTH CLAIM FOR RELIEF

### Alleged Breach of Implied Covenant of Good Faith and Fair Dealing

### (Against Spiffy Franchising and Get Spiffy)

170. Defendants incorporate herein by reference their responses to Paragraphs 1 through 169 of the Complaint in response to the allegations of Paragraph 170.

171. Plaintiffs' allegations in Paragraph 171 state legal conclusions to which no response is required. To the extent a response is required, Spiffy Franchising and Get Spiffy deny they have violated any covenant of good faith and fair dealing which may be included in the Franchise Agreement or implied pursuant to applicable law.

172. Spiffy Franchising and Get Spiffy deny the allegations of Paragraph 172.

173. Spiffy Franchising and Get Spiffy deny the allegations of Paragraph 173.

174. Spiffy Franchising and Get Spiffy deny the allegations of Paragraph 174.

175. Spiffy Franchising and Get Spiffy deny the allegations of Paragraph 175.

176. Spiffy Franchising and Get Spiffy deny the allegations of Paragraph 176.

### RESPONSE TO NINTH CLAIM FOR RELIEF

### Alleged Accounting

### (Against Spiffy Franchising and Get Spiffy)

177. Defendants incorporate herein by reference their responses to Paragraphs 1 through 176 of the Complaint in response to the allegations of Paragraph 177.

178. Spiffy Franchising and Get Spiffy admit that A4H and Spiffy Franchising were parties to the Franchise Agreement. Spiffy Franchising and Get Spiffy deny the allegations of Paragraph 178 except as expressly admitted.

179. Spiffy Franchising and Get Spiffy deny money is owed to A4H and therefore deny the allegations of Paragraph 179.

180. Spiffy Franchising and Get Spiffy deny the allegations of Paragraph 180.

181. Spiffy Franchising and Get Spiffy deny the allegations of Paragraph 181.

182. Spiffy Franchising and Get Spiffy deny the allegations of Paragraph 182.

183. Spiffy Franchising and Get Spiffy deny the allegations of Paragraph 183.

**RESPONSE TO TENTH CLAIM FOR RELIEF**

**Alleged Rescission**

**(Against Spiffy Franchising and Get Spiffy)**

184. Defendants incorporate herein by reference their responses to Paragraphs 1 through 183 of the Complaint in response to the allegations of Paragraph 184.

185. Spiffy Franchising and Get Spiffy deny the allegations of Paragraph 185.

186. Spiffy Franchising and Get Spiffy deny the allegations of Paragraph 186.

**RESPONSE TO ELEVENTH CLAIM FOR RELIEF**

**Alleged Intentional Infliction of Emotional Distress**

**(Alina Siert Against All Defendants)**

187. Defendants incorporate herein by reference their responses to Paragraphs 1 through 186 of the Complaint in response to the allegations of Paragraph 187.

188. Defendants deny the allegations of Paragraph 188.

189. Defendants deny the allegations of Paragraph 189.

190. Defendants deny the allegations of Paragraph 190.

191. Defendants deny the allegations of Paragraph 191.

192. Defendants deny the allegations of Paragraph 192.

**RESPONSE TO TWELFTH CLAIM FOR RELIEF**

**Alleged Violation of the Racketeer Influenced and Corrupt Organizations Act –**

**18 U.S.C. § 1961 et seq.**

**(Against All Defendants)**

193. Defendants incorporate herein by reference their responses to Paragraphs 1 through 192 of the Complaint in response to the allegations of Paragraph 193.

194. Defendants deny the allegations of Paragraph 194.

195. Defendants deny the allegations of Paragraph 195.

196. Defendants deny the allegations of Paragraph 196.

197. Defendants deny the allegations of Paragraph 197.

198. Defendants deny the allegations of Paragraph 198.

199. Defendants deny the allegations of Paragraph 199.

200. Defendants deny the allegations of Paragraph 200.

201. Defendants deny the allegations of Paragraph 201.

202. Defendants deny the allegations of Paragraph 202.

203. Defendants deny the allegations of Paragraph 203.

204. Defendants deny the allegations of Paragraph 204.

**FIRST ADDITIONAL DEFENSE**

All allegations in the Complaint against, or relating in any way to, all Defendants are denied except as otherwise expressly set forth herein.

**SECOND ADDITIONAL DEFENSE**

A valid and enforceable Franchise Agreement exists between Spiffy Franchising and A4H. For the reasons set forth in Defendants' Notice of Motion to Compel Arbitration and for Stay, all of Plaintiffs' claims in this matter are subject to a binding arbitration provision and pursuant to the Federal Arbitration Act and other applicable law, this Court should compel arbitration of Plaintiffs' claims and stay this litigation.

### THIRD ADDITIONAL DEFENSE

Plaintiffs' claims in this matter are barred by the applicable contractual limitations period set forth in Section 21(i) of the Franchise Agreement because the claims asserted by Plaintiffs arise out of or relate to the Franchise Agreement, the relationship of the parties and the operation of the franchised business and Plaintiffs have failed to bring those claims within one year of the occurrence of the facts giving rise to the claims.

### FOURTH ADDITIONAL DEFENSE

To the extent not barred by the contractual limitations period in Section 21(i) of the Franchise Agreement, Plaintiffs' claims are barred by the applicable statute of limitations because the claims have not been brought within three years of the occurrence of the facts giving rise to the claims.

### FIFTH ADDITIONAL DEFENSE

Plaintiffs' claims for punitive, consequential, multiple, incidental, or other damages in excess of economic damages actually sustained by Plaintiffs are barred pursuant to the express provisions of Sections 21(f) and 21(g) of the Franchise Agreement.

### SIXTH ADDITIONAL DEFENSE

Plaintiffs' claims are barred to the extent they have failed to take appropriate action since the termination of the Franchise Agreement and their cessation of business to mitigate their damages in any way.

### SEVENTH ADDITIONAL DEFENSE

If the Court finds that Defendants were in any way negligent or committed any improper act (which is denied), the alleged but denied negligence or improper act was not a proximate cause of the alleged but denied damages of Plaintiffs.

### EIGHTH ADDITIONAL DEFENSE

Plaintiffs' claims for fraud are barred on the grounds that Plaintiffs have failed to, and cannot, assert fraud against any of the Defendants with particularity as required by Fed. R. Civ. Proc. 9(b). Defendants reserve all rights to seek dismissal of Plaintiffs' claims

for fraud on the grounds that the allegations do not comply with the referenced particularity requirements.

### NINTH ADDITIONAL DEFENSE

Plaintiffs' claims in their Twelfth Claim for Relief (Violation of the Racketeer Influenced and Corrupt Organization Act) are barred on the following grounds:

1. Plaintiffs have failed to comply with the heightened pleading standards required pursuant to the applicable statutes and Fed. R. Civ. Proc. 9(b). Plaintiffs' purported allegations are based on fraud, but Plaintiffs have failed to allege with any particularity whatsoever the factual basis for such claims and have only stated broad, generic and conclusory allegations.

2. Plaintiffs have not alleged any common proof to support the but-for causation requirement of Plaintiffs' alleged (but denied) claims.

### TENTH ADDITIONAL DEFENSE

Plaintiffs' purported claims against Defendants for punitive damages are barred to the extent that they are inconsistent with N.C. Gen. Stat. § 1D-1 *et seq.*, the due process clause of the United States Constitution, relevant portions of the North Carolina Constitution and any other law that may be applicable to Plaintiffs' purported claims. Defendants reserve all rights under N.C. Gen. Stat. § 1D-1 *et seq.*, including the right to bifurcation at trial and the right to require Plaintiffs to elect remedies.

### ELEVENTH ADDITIONAL DEFENSE

Defendants reserve the right to assert additional defenses for claims as the evidence in the action warrants.

WHEREFORE, Defendants respectfully pray the Court as follows:

1. For an order compelling this case to arbitration as required by the terms of the Franchise Agreement and staying this litigation pending the outcome of the arbitration proceedings.

2. For a judgment dismissing all claims against all Defendants and providing that Plaintiffs have and recover nothing against Defendants in this action.

1    3.   For a judgment taxing against Plaintiffs all taxable costs in this action, including Defendants' reasonable attorneys' fees and other litigation expenses pursuant to the terms of the Franchise Agreement and as permitted by applicable law.

   4.   For such other and further relief in favor of Defendants as may be appropriate.

Dated:  June 11, 2024

*/s/ William S. Cherry, III*
William S. Cherry III
appearance *pro hac vice*
N.C. State Bar # 33860
MANNING, FULTON & SKINNER, P.A.
3605 Glenwood Avenue, Suite 500 (27612)
Post Office Box 20389
Raleigh, North Carolina 27619-0389
Telephone: (919) 787-8880
Facsimile:  (919) 325-4600
E-Mail:  cherry@manningfulton.com

*Attorneys for Defendants Spiffy Franchising, LLC, Get Spiffy, Inc., Scot Wingo, Karl Murphy, and Connor Finnegan*

Dated:  June 11, 2024

Co-Counsel:

*/s/ Ellen Boyd*
Ellen Boyd
CA State Bar # 339542
KAUFMAN DOLOWICH
11111 Santa Monica Blvd., Suite 850
Los Angeles, California 90025
Telephone:  310 775 6529
Email:  ellen.boyd@kaufmandolowich.com