UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ALINA SIERT, et al.,<br><br>   Plaintiffs,<br><br>  v.<br><br>SPIFFY FRANCHISING, LLC., et al.,<br><br>   Defendants. | Case No. 5:24-cv-01771-EJD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL ARBITRATION**<br><br>Re: Dkt. No. 24 |

Franchisee Plaintiffs Alina Siert and A4H, LLC ("Plaintiffs") bring claims against Franchisor Defendants Spiffy Franchising, LLC, Get Spiffy, Inc., Scot Wingo, Karl Murphy, and Connor Finnegan ("Defendants") arising from Defendants' alleged fraudulent business practices and misrepresentations. Compl., ECF No. 1. Before the Court is Defendants' motion to compel arbitration. Mot., ECF No. 24. This motion is fully briefed. Opp'n, ECF No. 28; Reply, ECF No. 34.

Upon careful consideration of the relevant documents, the Court finds this matter suitable for decision without oral argument pursuant to Local Rule 7-1(b). For the reasons explained below, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' motion to compel arbitration.

I.   BACKGROUND

On December 19, 2020, Plaintiffs entered into a written Franchise Agreement with Defendants. Opp'n, Ex. A ("Franchise Agreement"), ECF No. 28-1, at 2–99. Paragraph 21(b) of the Franchise Agreement requires binding arbitration of "any action arising out of or relating to [the Franchise Agreement] or the making, performance, or interpretation thereof" ("Arbitration

Clause"). *Id.* at 64.  Paragraph 21(i) further specifies that any claim or controversy arising out of the Franchise Agreement will be governed by North Carolina law, with the venue set in Durham, North Carolina. *Id.* at 66.

Attached to the Franchise Agreement is a State Specific Addendum to Franchise Agreement and Franchise Disclosure Document, with a specific California Appendix for Offerings of Franchises in California ("California Addendum").  Opp'n, Ex. A ("California Addendum"), ECF No. 28-1, at 101–02.  The Addendum states, in relevant part:

> If the franchise is located in California, the following will apply:
> . . . .
> D. The franchise agreement requires litigation to occur in North Carolina with the costs being borne by each party, unless the disputed provision in the franchise agreement provides for payment by the losing party of the prevailing party's attorneys' fees and costs of litigation. **This provision may not be enforceable under California law.**
>
> E. The franchise agreement requires application of the laws of North Carolina. **This provision may not be enforceable under California law.**

*Id.* at 1.

Plaintiffs received the Franchise Agreement and California Addendum on December 3, 2020, and retained private legal counsel to review and revise the documents.  Decl. of Connor Finnegan, Ex. 2, ECF No, 25-2; Opp'n 12.  Plaintiffs' counsel made several changes to the Franchise Agreement, which Defendants incorporated prior to signing on December 16, 2020. *See* Opp'n 12.

As their business relationship progressed, Plaintiffs allege they discovered many of Defendants' representations about the franchise were materially false and misleading. *See* Compl.  For example, Plaintiffs claim Defendants failed to provide promised supervision, training, and supplies; access to existing nation-wide accounts; or assistance with Plaintiffs' business model using their existing infrastructure and resources. *See id.* ¶ 110.

When the current dispute arose, Plaintiffs sought mediation with Defendants pursuant to the terms of the Franchise Agreement.  Opp'n 6–7.  After mediation proved unsuccessful,

1 Plaintiffs sent Defendants a notice of intent to file arbitration on December 29, 2023. *Id.* at 7.
2 Defendants responded on January 24, 2024, to arrange a call between the parties to discuss
3 mediation and arbitration. Decl. of Jefferey C. Mayes, Ex. 2, ECF No. 29-2. Plaintiffs
4 subsequently emailed Defendants again on February 27, 2024, stating that the time for arbitration
5 had passed and judicial action was now appropriate. *Id.*, Ex. 3, ECF No. 29-3. Defendants did not
6 respond to this email. *Id.* ¶ 7. Plaintiffs soon after initiated this action on March 21, 2024. *See*
7 Compl.

## II. LEGAL STANDARD

The Federal Arbitration Act ("FAA") provides that a "written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. As this language makes clear, "an arbitration agreement is a contract like any other." *Bielski v. Coinbase, Inc.*, 87 F.4th 1003, 1009 (9th Cir. 2023). And like other contracts, arbitration agreements are subject to generally applicable state law contract defenses. *Lim v. TForce Logs., LLC*, 8 F.4th 992, 999 (9th Cir. 2021). In determining whether to compel a party to arbitrate, the court must determine: "(1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Kilgore v. KeyBank, Nat. Ass'n*, 718 F.3d 1052, 1058 (9th Cir. 2013) (internal quotation marks and citation omitted). Once it is established that a valid agreement to arbitrate exists, the burden shifts to the party seeking to avoid arbitration to show that the agreement should not be enforced. *Green Tree Fin. Corp.-Alabama v. Randolph*, 531 U.S. 79, 92 (2000).

Parties seeking to avoid arbitration are subject to the same standards applicable to parties opposing summary judgment under Federal Rule of Civil Procedure 56. *See Hansen v. LMB Mortg. Servs., Inc.*, 1 F.4th 667, 670 (9th Cir. 2021) (finding summary judgment standard is appropriate because order compelling arbitration "is in effect a summary disposition of the issue of whether or not there had been a meeting of the minds on the agreement to arbitrate"). Therefore,

Case No.: 5:24-cv-01771-EJD
ORDER GRANTING IN PART AND DEN. IN PART MOT. TO COMPEL ARBITRATION
3

the moving party bears the initial burden of informing the court of the basis for the motion. *Curry v. Matividad Med. Ctr.*, No. 5:11-CV-04662-EJD, 2013 WL 2338110, at *1 (N.D. Cal. May 28, 2013) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). If the moving party meets this initial burden, the burden then shifts to the opposing party to present specific facts showing that there is a genuine issue for trial. *Id.* at *2.

### III.  DISCUSSION

The parties only dispute the validity and enforceability of the Arbitration Clause, not whether Plaintiffs' claims fall within its scope.[1] When assessing whether an arbitration agreement is enforceable, "generally applicable contract defenses, such as fraud, duress, or unconscionability, may be applied . . . without contravening [the FAA]." *Heredia v. Sunrise Senior Living LLC*, No. 18-cv-00616-HSG, 2018 WL 5734617, at *2 (N.D. Cal. Oct. 31, 2018) (internal quotation marks omitted) (quoting *Doctor's Assoc., Inc. v. Casarotto*, 517 U.S. 681, 687 (1996)). Thus, the "state-law principles that govern the formation of contracts" apply to this analysis. *Pokorny v. Quixtar, Inc.*, 601 F.3d 987, 994 (9th Cir. 2010); *see also Reichert v. Rapid Invs., Inc.*, 56 F.4th 1220, 1227 (9th Cir. 2022) (stating that district courts apply "ordinary state-law principles that govern the formation of contracts" in analyzing arbitration agreements).[2]

Plaintiffs argue that the Arbitration Clause is invalid because of (1) lack of mutual assent, (2) unconscionability, and (3) waiver. The Court will address each argument in turn.

#### A.  Mutual Assent

"Under California law, mutual assent is a required element of contract formation." *Knutson v. Sirius XM Radio, Inc.*, 771 F.3d 559, 565 (9th Cir. 2014). "Mutual assent requires, at a minimum, that the party relying on the contractual provision establish that the other party had notice and gave some indication of assent to the contract." *Jackson v. Amazon.com, Inc.*, 65 F.4th

---

[1] Plaintiffs do not dispute Defendants' argument that the non-signatory Defendants can also compel arbitration. Mot. 13–15.

[2] Although the Arbitration Clause includes a North Carolina choice of law provision, Defendants and Plaintiffs both rely on California state law in their briefings. Thus, it appears the parties agree that California state law applies here. Regardless, the Court finds below that the North Carolina choice of law provision is invalid for lack of mutual assent.

Case No.: 5:24-cv-01771-EJD
ORDER GRANTING IN PART AND DEN. IN PART MOT. TO COMPEL ARBITRATION
4

1093, 1099 (9th Cir. 2023). Courts use objective criteria to determine whether mutual assent exists, "the test being what the outward manifestations of consent would lead a reasonable person to believe." *Weddington Prods., Inc. v. Flick*, 60 Cal. App. 4th 793, 811 (Cal. 1998) (internal quotation marks and citation omitted).

The Court finds that Defendants have failed to demonstrate a mutual assent to arbitrate disputes in North Carolina under North Carolina law. However, rather than find the entire Arbitration Clause unenforceable, the Court will sever these terms from the agreement.

### 1. Forum Selection and Choice of Law Provisions

Plaintiffs argue that the Arbitration Clause lacks mutual assent because the California Addendum states that the forum selection and choice of law provisions may not be enforceable under California law.[3] Opp'n 5–6, 9–11; Reply 4–6.

This is not uncommon in franchise agreements. In *Laxmi Investments, LLC v. Golf USA*, 193 F.3d 1095, 1097–98 (9th Cir. 1999), and *Winter v. Window Fashions Professionals, Inc.*, 166 Cal. App. 4th 943, 950 (Cal. Ct. App. 2008), the Ninth Circuit and California Courts of Appeal both held there was no mutual assent where a separate document informed the franchisee that the out-of-state forum selection and choice of law provisions in the arbitration agreement "may not be enforceable under California law," unless the franchisor could provide other evidence showing that it previously indicated it would insist on using the out-of-state forum and laws. *See also Nygaard v. Prop. Damage Appraisers, Inc.*, No. 16-CV-02184-VC, 2017 WL 1128471, at *1 (E.D. Cal. Mar. 23, 2017); *Bencharsky v. Cottman Transmission Sys.*, LLC, 625 F. Supp. 2d 872, 884 (N.D. Cal. 2008).

Here, consistent with *Laxmi* and *Winter*, the California Addendum undermines Defendants' argument that the parties mutually assented to arbitrate disputes in North Carolina under North Carolina law. While Defendants could have still proven mutual assent by presenting

---

[3] Though Plaintiffs emphasize the California Addendum's provision that any applicable Rider shall supersede the terms of the Franchise Agreement, Plaintiffs have failed to provide any argument or explanation as to how this provision renders the Arbitration Clause unenforceable or invalid. Opp'n 10.

Case No.: 5:24-cv-01771-EJD
ORDER GRANTING IN PART AND DEN. IN PART MOT. TO COMPEL ARBITRATION
5

1    evidence that they indicated to Plaintiffs they would insist on enforcing the North Carolina

2    provisions, Defendants have presented no such evidence. *See Laxmi*, 193 F.3d at 1097 ("[T]here

3    is no evidence that [the franchisor] ever indicated that it would insist upon an out-of-state forum

4    despite the contravening California law."). Therefore, the Court finds that Defendants failed to

5    prove mutual assent as to these terms.

6          Defendants' arguments to the contrary are unpersuasive. Defendants primarily contend

7    that Plaintiffs failed to show a *lack* of mutual assent because they did not submit a declaration or

8    other evidence to show they did not in fact understand the terms of the Arbitration Clause. Reply

9    5. As an initial matter, this argument mischaracterizes the parties' respective burdens. "As the

10   party alleging the existence of a contract," Defendants—not Plaintiffs—bear the "the burden to

11   prove each element of a valid contract[,] including mutual assent." *Stover v. Experian Holdings*,

12   Inc., 978 F.3d 1082, 1086 (9th Cir. 2020). Moreover, the Court's mutual assent inquiry is

13   objective—it need not review a declaration to find that the language on the face of the agreement

14   undermines Defendant's claim of mutual assent. *See Weddington*, 60 Cal. App. 4th at 811.

15         And despite Defendants' representations, neither *Laxmi* nor *Bradley v. Harris Rsch., Inc.*,

16   275 F.3d 884, 891 (9th Cir. 2001), hold otherwise.[4] In *Laxmi*, the Ninth Circuit never discussed

17   or referenced evidence in the record showing that the plaintiff did not in fact understand the

18   arbitration agreement to require an out-of-state forum and law. *Laxmi*, 193 F.3d at 1097. The

19   Ninth Circuit merely mentioned that the plaintiff made the argument below that it had no

20   reasonable expectation of agreeing to a forum outside of California, which the Court notes, is an

21   argument Plaintiffs raise here as well: "Plaintiffs, as California residents, had no reasonable

22   expectation that they had agreed to binding arbitration." Opp'n 11. Defendants' reliance on

23   *Bradley* is similarly misplaced. In *Bradley*, the Ninth Circuit rejected the plaintiff's *Laxmi*

24   argument that a similar franchise agreement addendum undermined the defendant's showing of

25   mutual assent because the plaintiff never raised the argument below or introduced the addendum

---

[4] Defendants also state that this case is factually distinguishable from *Winter* but fail to provide any further argument. Reply 4.

Case No.: 5:24-cv-01771-EJD
ORDER GRANTING IN PART AND DEN. IN PART MOT. TO COMPEL ARBITRATION
6

into the record, thus their argument fatally "depend[ed] on an undeveloped factual record, making it unsuitable for resolution for the first time on appeal." *Bradley*, 275 F.3d at 891; *see also Winter*, 166 Cal. App. 4th at 94 ("[T]he Bradley court did not consider a UFOC advisement that the arbitration provision might not be enforceable under California law because the UFOC delivered by the franchisor was not made part of the record.").[5] In other words, *Bradley* discussed procedural deficiencies in plaintiffs' appeal and has no bearing on whether a declaration is necessary to show a lack of mutual assent.

Therefore, because the California Addendum provides that the North Carolina provisions in the Arbitration Clause may not be enforceable, and because Defendants have failed to provide evidence that they otherwise indicated to Plaintiffs an intention to enforce the out-of-state forum selection or choice of law provisions, the Court finds these terms invalid for lack of mutual assent.

### 2. Severability

While the Court finds the forum selection and choice of law provisions invalid, this "does not render [sic] the entire arbitration provision unenforceable." *Roberts v. Synergistic Int'l, LLC*, 676 F. Supp. 2d 934, 951 (E.D. Cal. 2009) (citing *Laxmi,* 193 F.3d at 1098 (determining that there was no meeting of the minds on forum selection clause but remanding action for entry of an order that arbitration shall proceed)).

Plaintiffs argue that the Court should not sever the forum selection and choice of law provisions because their illegality taints the entire Arbitration Clause and removing them would alter the central purpose of the contract. Opp'n 13–15 (citing *Lim v. TForce Logistics*, LLC, 8 F.4th 992, 1003 (9th Cir. 2021); *Armendariz v. Found. Health Psychcare Servs., Inc.*, 24 Cal. 4th 83, 123 (Cal. 2000)). The Court finds Plaintiffs' argument unpersuasive for two reasons.

First, the cases Plaintiffs cite, *Lim* and *Armendariz*, do not apply here. These cases examine severing unconscionable or illegal terms under California Civil Code section 1670.5, not

---

[5] Defendants also pivot to *Bradley*'s discussion regarding inequal bargaining power, but this is not a requirement for mutual assent. The court in Bradley discussed unequal bargaining power in its discussion of unconscionability. *Bradley*, 275 F.3d at 892.

Case No.: 5:24-cv-01771-EJD
ORDER GRANTING IN PART AND DEN. IN PART MOT. TO COMPEL ARBITRATION
7

United States District Court
Northern District of California

terms found invalid for lack of mutual assent. Opp'n 13–15 (citing *Lim*, 8 F.4th at 1003 (discussing severance of unconscionable terms, including an unconscionable forum selection clause); *Armendariz*, 24 Cal. 4th at 123 (discussing the "reasons for severing or restricting illegal terms rather than voiding the entire contract"); *Murphy v. Check 'N Go of California, Inc.*, 156 Cal. App. 4th 138, 149 (Cal. Ct. App. 2007), as modified (Nov. 9, 2007) (discussing the lower court "severing the clauses it found to be unconscionable"); *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1086–87 (9th Cir. 2010) ("Having found the class action waiver unconscionable under California law, the only remaining question is whether the class action waiver can be severed from the remainder of the arbitration provision.")); *see also* Cal. Civ. Code § 1670.5 ("If the court as a matter of law finds the contract or any clause of the contract to have been unconscionable at the time it was made the court may refuse to enforce the contract, or it may enforce the remainder of the contract without the unconscionable clause, or it may so limit the application of any unconscionable clause as to avoid any unconscionable result."). For the reasons explained in the next section examining unconscionability, the Court does not find the forum selection or choice of law provisions unconscionable, so these cases do not inform the Court's analysis here.

Second, even if the Court applied *Lim* and *Armendariz*, the Court would still find severance appropriate. District courts often sever unconscionable forum selection and choice of law provisions from arbitration agreements so long as the provisions do not impact the central purposes of the contract and no other unlawful terms taint the arbitration agreement with illegality. *Flora*, 2023 WL 5061955, at *7 (collecting cases) (citing *Lang v. Skytap, Inc.*, 347 F. Supp. 3d 420, 432–33 (N.D. Cal. 2018); *Pope v. Sonatype, Inc.*, No. 5:15-CV-00956-RMW, 2015 WL 2174033, at *6 (N.D. Cal. May 8, 2015); *Streedharan v. Stanley Indus. & Auto., LLC*, 630 F. Supp. 3d 1244, 1274 (C.D. Cal. 2022); *Lim v. TForce Logistics, LLC*, 8 F.4th 992, 1006 (9th Cir. 2021)). Similarly here, the Court finds that the forum selection and choice of law provisions can be severed without disrupting the agreement's chief objective—to arbitrate disputes arising from the agreement. *See id.* And for the reasons explained in section below examining unconscionability, there are no other unconscionable terms in the Arbitration Clause that taint the

Case No.: 5:24-cv-01771-EJD
ORDER GRANTING IN PART AND DEN. IN PART MOT. TO COMPEL ARBITRATION
8

1   agreement with illegality.[6]

2   Therefore, the Court finds that the forum selection and choice of law provisions can be
3   properly extirpated from the contract through severance. Accordingly, the Court will proceed with
4   its analysis of the remaining Arbitration Clause.

### B.  Unconscionability

A court may also refuse to enforce an arbitration agreement if it is found unconscionable. *Ingle v. Circuit City Stores Inc.*, 328 F.3d 1165, 1170 (9th Cir. 2003). "Under California law, a contract must be both procedurally and substantively unconscionable to be rendered invalid," and courts "utilize[] a sliding scale to determine unconscionability—greater substantive unconscionability may compensate for lesser procedural unconscionability." *Chavarria v. Ralphs Grocery Co.*, 733 F.3d 916, 922 (9th Cir. 2013).

The Court begins with procedural unconscionability. "Procedural unconscionability concerns the manner in which the contract was negotiated and the respective circumstances of the parties at that time, focusing on the level of oppression and surprise involved in the agreement." *Chavarria v. Ralphs Grocery Co.*, 733 F.3d 916, 922 (9th Cir. 2013) (citing *Ferguson v. Countrywide Credit Indus., Inc.*, 298 F.3d 778, 783 (9th Cir. 2002) and *A & M Produce Co. v. FMC Corp.*, 186 Cal. Rptr. 114, 121–22 (Cal. Ct. App. 1982)). Oppression is measured by the weaker party's absence of choice and unequal bargaining power that results in "no real negotiation." *Id.* (internal quotation marks omitted) (quoting *A & M Produce*, 186 Cal. Rptr. at 122). Surprise is measured by "the extent to which the contract clearly discloses its terms as well as the reasonable expectations of the weaker party." *Id.* (citing *Parada v. Super. Ct.*, 98 Cal. Rptr. 3d 743, 757 (Cal. Ct. App. 2009)).

Plaintiffs argue that the Franchise Agreement is procedurally unconscionable because it was presented as a contract of adhesion with a significant disparity in bargaining power, and any

---

[6] The Court also notes that the Franchise Agreement includes a severance section providing that, if a court finds any terms unenforceable, the remainder of the agreement shall stay in effect as if the severed terms never existed. Franchise Agreement 67.

Case No.: 5:24-cv-01771-EJD
ORDER GRANTING IN PART AND DEN. IN PART MOT. TO COMPEL ARBITRATION
9

changes made by Plaintiffs' counsel were "minor" or "merely clarification." Opp'n 11–12.

The Court finds that the record shows otherwise. Plaintiffs had over two weeks to review the Franchise Agreement, including the Arbitration Clause, during which time their legal counsel reviewed, redlined, and commented on many of the terms. Decl. of Connor Finnegan, Ex. 2, ECF No, 25-2; Opp'n 12. Defendants promptly responded to Plaintiffs' redlines and incorporated most of their proposed changes, offering to have additional phone calls to discuss any unincorporated changes or answer any further questions. *Id.*, Ex. 4, ECF No. 25-4. The changes Plaintiffs made to the terms include:

    (1) extending the pioneer terms to mitigate risk for an additional 2.5 years;

    (2) waiting the requirement to pay certain renewal fees;

    (3) receiving additional assistance to understand state and federal environmental laws and regulations relating to the business;

    (4) permitting operation of Plaintiff's business in a warehouse less than 1,00 square feet;

    (5) expanding Plaintiffs' right of first refusal to secure additional territories;

    (6) transferring customer leads to Plaintiffs; and

    (7) providing Plaintiffs with access to services for "gray area" accounts in zip codes outside their territory.

*Id.* Subsequent emails between the parties reveal that they continued to negotiate the terms of the Franchise Agreement after these changes were incorporated, with Plaintiffs' counsel at one point indicating that they were "close" to resolution. *Id.*, Ex. 5, ECF No. 25-5. The parties ultimately reached an agreement and signed on December 20, 2020. Opp'n 12.

This evidence shows that Plaintiffs actively participated in meaningful and fair negotiations. While Plaintiffs are correct that the presence of legal counsel does not necessarily negate procedural unconscionability where there was still a significant disparity in bargaining power, Plaintiffs have not presented any evidence of unequal bargaining power. To the contrary, the record shows that the parties equally engaged in multiple negotiations with legal counsel on

1   both sides, and many of Plaintiffs' changes were ultimately incorporated into the signed

2   agreement.  And although the Court disagrees with Plaintiffs' characterization of these changes as

3   "minor" or "merely clarifications," even if true, it remains that Defendants conceded to most of

4   the changes Plaintiffs presented to them.  If Plaintiffs wished to alter the terms in more

5   fundamental ways, they had the time and legal resources to propose those changes.  In these ways,

6   Plaintiffs' circumstances differ substantially from the cases they reference.  *See, e.g., Ali v.*

7   *Daylight Transport, LLC*, 59 Cal. App. 5th 462, 474 (2020) (independent contractor truck drivers

8   had to sign pre-employment agreement under time constraint without legal counsel).

9         Therefore, the Court finds no evidence of procedural unconscionability in the Arbitration

10  Clause.  Because there is no procedural unconscionability, the Court need not examine Plaintiffs'

11  arguments regarding substantive unconscionability.  *Chavarria*, 733 F.3d at 922 ("[A] contract

12  must be both procedurally and substantively unconscionable to be rendered invalid.").

13      **C.**    **Waiver**

14        Plaintiffs argue in the alternative that Defendants waived their right to arbitration by failing

15  to initiate arbitration within thirty days of Plaintiffs' written notice of intent, as required under the

16  Arbitration Clause.  *See* Opp'n 15 (citing Franchise Agreement § 21 ("[A]ny action arising out of

17  or relating to this Agreement or the making, performance, or interpretation thereof shall upon

18  thirty (30) days written notice by either party be resolved; [ . . . ] upon application by any such

19  party by binding arbitration")).  However, it is Plaintiffs who bring grievances against Defendants,

20  not the reverse.  Plaintiffs fail to explain why or how Defendants could be obligated to initiate

21  arbitration against themselves under these circumstances.

22        Plaintiffs also argue that Defendants waived their right to arbitration by ignoring or taking

23  too much time to respond to Plaintiffs' emails regarding arbitration.  *Id.*  But the Court does not

24  find this conduct inconsistent with the right to arbitration.  *See Saint Agnes Medical Center v.*

25  *PacifiCare of California,* 31 Cal.4th 1187 (Cal. 2003).  Defendants' counsel took less than one

26  month to respond to Plaintiffs' written notice of intent to file arbitration, explaining that his time

27  had been occupied with other cases.  Decl. of Jeffery C. Mayes, Ex. 2, ECF No. 29-2.  And

28  Case No.: 5:24-cv-01771-EJD
ORDER GRANTING IN PART AND DEN. IN PART MOT. TO COMPEL ARBITRATION
11

United States District Court
Northern District of California

though Defendants never replied to Plaintiffs' February email, the record does not support Plaintiffs' contention that their failure to respond to an email regarding the status of mediations constituted a waiver of the right to arbitrate. *See id.*, Ex. 3, ECF No. 29-3. The Court also observes that Plaintiffs filed this case only twenty-three days after the date of that email—it is conceivable that Defendants may have responded to this email had they been afforded more time.

Therefore, the Court finds that Defendants have not waived their right to arbitration. *Id.*

## IV. CONCLUSION

Based on the foregoing, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's motion to compel arbitration. Plaintiffs are required to arbitrate their claims, but the parties are not bound by the invalid forum selection and choice of law provisions in the Arbitration Clause.

This case is **STAYED** pending arbitration. *Smith v. Spizzirri*, 601 U.S. 472, 475–76 (2024) ("When a federal court finds that a dispute is subject to arbitration, and a party has requested a stay of the court proceeding pending arbitration, the court does not have discretion to dismiss the suit on the basis that all the claims are subject to arbitration."). The parties shall notify the Court within ten days of reaching a final resolution in the pending arbitration.

**IT IS SO ORDERED.**

Dated: December 9, 2024

EDWARD J. DAVILA
United States District Judge

Case No.: 5:24-cv-01771-EJD
ORDER GRANTING IN PART AND DEN. IN PART MOT. TO COMPEL ARBITRATION
12